UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


NAQUIN                                          CIVIL ACTION

VERSUS                                          NO: 14-2133

BERRYLAND CAMPERS, LLC                          SECTION: "J"(5)


### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 3)** filed by Defendants KZRV, LP (KZRV) and Berryland Motors, LLC (Berryland)[1] and Plaintiff Charlotte Naquin's opposition thereto. (Rec. Doc. 8) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation derives from Plaintiff's purchase of an allegedly defective 2006 Montego Bay Camper from Berryland on or about November 28, 2007. (Rec. Doc. 1, p. 2) Plaintiff alleges that the vehicle was advertised and sold without any mention of body work, prior collisions or other damage-causing events, or

---

[1] Berryland Motors, LLC, was incorrectly named as Berryland Campers, L.L.C.

1

the incorporation of used parts within the vehicle. Id. at 3. However, Plaintiff alleges that after delivery and inspection, she discovered many hidden defects, which "could not be seen by the buyer at the point of sale." Id. at 2. These defects include faulty or missing sealing, leakage, rotting, other water damage, and other missing or faulty parts. Id. at 2-3. Plaintiff and Defendants then attempted to make repairs and remedy the defects, with the last of such attempts taking place in December 2010. Id. at 4. Despite these attempts, Plaintiff alleges that the defects persist today. Id. at 4.

Plaintiff filed suit in the U.S. District Court for the Eastern District of Louisiana on September 17, 2014, alleging that Defendants[2] violated Louisiana's Unfair Trade Practices and Consumer Protection Law (LUTPA) and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (MMWA). Id. at 5-8. Defendants filed the instant *Motion to Dismiss* **(Rec. Doc. 3)** pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 21, 2014.

---

[2] Plaintiff's complaint does not explain KZRV's role in this series of events. However, Defendants' motion provides some clarification. (Rec. Doc. 3-1, p. 3 n.2) Defendants explain that the vehicle identification number of the vehicle that Plaintiff purchased from Berryland "generally matches [KZRV's] numbers." Id. Defendant KZRV therefore assumes that it is the manufacturer of Plaintiff's allegedly defective vehicle. Id.

Plaintiff opposed the motion on December 2, 2014.[3] (Rec. Doc. 8)

**PARTIES' ARGUMENTS**

Defendants argue that Plaintiff's LUTPA and MMWA claims are time-barred and must be dismissed. (Rec. Doc. 3-1, pp. 1-2) Plaintiff filed the instant litigation in 2014, nearly seven years after she purchased the allegedly defective vehicle and almost four years after Defendants' last alleged attempt to cure the defects. Id. at 2. Although it is not clear when exactly Plaintiff discovered the alleged defects, Defendants assert that Plaintiff must have discovered them in October 2011 at the very latest. Id. at 9. Defendants so argue because Plaintiff filed a petition in state court deriving from the same factual allegations on October 26, 2011, in which she clearly asserted claims for redhibition.[4] Id. at 9. Plaintiff's LUTPA and MMWA

---

[3] The Court granted Plaintiff's motion for a continuance of the submission date of Defendants' motion to dismiss on November 4, 2014. The Court reset the motion for submission on December 3, 2014. Consequently, the deadline for Plaintiff's opposition was November 25, 2014. Plaintiff again failed to file a timely opposition. On December 1, 2014, Plaintiff filed a *Motion Seeking to File Opposition Late* (Rec. Doc. 7), which was marked as deficient. Plaintiff then filed her opposition (Rec. Doc. 8) on December 2, 2014, without filing a motion for leave to file the opposition late. Counsel for Defendants notified the Court on December 1, 2014, however, that they did not oppose Plaintiff's untimely filing of her opposition. Although the Court could grant Defendants' meritorious motion as unopposed, the Court will consider the arguments that Plaintiff advances in her opposition given Defendants' position.

[4] Plaintiff previously filed suit in the 21st Judicial District Court in Tangipahoa Parish alleging claims for redhibition and for violation of the Louisiana Lemon Law Statute, Louisiana Revised Statute 51:1491. (Rec. Docs. 3-2, 3-3)

claims are peremptied or prescribed, respectively, after one year. Id. at 6, 8. Thus, both Plaintiff's LUTPA and MMWA claims are time-barred and must be dismissed.

Plaintiff contends that she "clearly makes the prima facie case of the elements to make feasible claims under [the MMWA] and [LUTPA]." (Rec. Doc. 8, p. 1) She further argues that these well-pleaded claims are not time-barred. Id. at First, Plaintiff's LUTPA claim is not peremptied because the United States Court of Appeals for the Fifth Circuit has held that "the continuing violation doctrine applies to the LUTPA peremptive period." Id. at 6 (citing Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc., 292 F.3d 471, 481-82 (5th Cir. 2002)). Second, Plaintiff's MMWA claim is not prescribed because Defendants assert that the ten-year prescriptive period for breach of contract claims applies. Alternatively, if the Court finds that the MMWA claim runs parallel with the LUTPA claim, then the continuing violation doctrine prevents Plaintiff's MMWA claim from prescribing here.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2). The

4

complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's LUTPA and MMWA claims because they are time-barred. "A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense."

5

Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977). When the issue of prescription is raised,

> [t]he burden of proof generally rests on the party asserting prescription. However, when a Complaint reveals on its face that the prescriptive period has lapsed, the plaintiff bears the burden of establishing a suspension or interruption of the prescriptive period.

Frank v. Shell Oil Co., 828 F. Supp. 2d 835, 842 (E.D. La. 2011) on reconsideration in part, No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012)(internal citations omitted).

The actionable events alleged in Plaintiff's complaint began between November 2007 and December 2010, thus Plaintiff's claims are prescribed on their face. Therefore, Plaintiff bears the burden of establishing that her claims are not time-barred.

**A. LUTPA**

Louisiana's Unfair Trade Practices and Consumer Protection Law or LUTPA as it is often called, grants a private right of action for the recovery of damages to "any person who suffers any ascertainable loss ... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405." LA. REV. STAT. ANN. 51:1409. "It has been established that this legislation is broad and does not specify particular violations." Monroe Med. Clinic, Inc. v.

Hosp. Corp. of Am., 522 So.2d 1362, 1365 (La. App. 2d Cir. 1988). Therefore, "what constitutes an unfair trade practice is to be determined by the courts on a case-by-case basis." Id. Louisiana courts have found that in order to recover under LUTPA, the plaintiff "must prove some element of fraud, misrepresentation, deception or other unethical conduct on defendant's part." Marshall v. Citicorp Mortg., Inc., 601 So.2d 669, 671 (La. App. 5th Cir. 1992). A claim under LUTPA is subject to a one-year peremptive period "running from the time of the transaction or act which gave rise to [the claim]." See LA. REV. STAT. ANN. § 51:1409(E); Tubos de Acero de Mexico, S.A., 292 F.3d at 481 n.4.

Although Plaintiff's LUTPA claim is facially perempted, Plaintiff argues that the continuing violation doctrine applies and prevents her claim from being time-barred. Under the continuing violation doctrine, the peremptive period does not commence to run until the violation abates. See Tubos de Acero de Mexico, S.A., 292 F.3d at 481. "A continuing violation is occasioned by unlawful acts, not the continuation of the ill effects of the original, wrongful act." Crump v. Sabine River Auth., 737 So. 2d 720, 728 (La. 1999). This is to be distinguished from a continuing failure to remedy the original, wrongful act. Indeed, "the breach of the duty to right a wrong

7

and make the plaintiff whole simply cannot be a continuing wrong which [prevents the peremptive period from commencing], as that is the purpose of any lawsuit and the obligation of every tortfeasor." Id. at 729. The party seeking to avail itself of the continuing violation doctrine bears the burden of proving its applicability. See Terrebonne Parish Sch. Bd. v. Mobil Oil Corp., 310 F.3d 870, 886 (5th Cir. 2002).

The Court finds that Plaintiff has failed to meet her burden of establishing that the continuing violation doctrine applies here. In Plaintiff's opposition, she accurately provides the law of the continuing violation doctrine. (Rec. Doc. 8, pp. 6-7) She also accurately acknowledges that she carries the burden of showing its applicability. Id. at 7. But, she makes absolutely no attempt to do so. The opposition is entirely devoid of any such discussion. Plaintiff's complaint does not shed any additional light on the matter. If the Court assumes that the peremptive period commenced to run on October 26, 2011, which is the date on which Plaintiff filed her state action and, in the Court's view, the latest possible trigger for the peremptive period, Plaintiff's LUTPA claim remains time-barred.[5] Thus, the Court

---

[5] Plaintiff argues that the Court may not consider her state court petition without converting Defendants' motion to dismiss into a motion for summary judgment because it is a matter outside the pleadings. However, the petition and judgment are a matter of public record of which the Court may take judicial

finds that Plaintiff's LUTPA claim is perempted, and the Court grants Defendants' motion to dismiss with respect to this claim.

**B. MMWA**

The Magnuson–Moss Warranty Act creates a statutory cause of action for consumers who are "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract." Walton v. Rose Mobile Homes LLC, 298 F.3d 470, 474 (5th Cir. 2002). The MMWA, however, does not contain a specific limitations period. Federal courts therefore look to the analogous state law to ascertain the applicable period of limitation. Heisser v. Contender Boats, Inc., No. 07-9777, 2009 WL 1309741, at *7 (E.D. La. May 7, 2009)(citing Lowe v. Volkswagen of Am., Inc., 879 F. Supp. 28, 30 (E.D. Pa. 1995)). Here, the analogous state law claim is one for breach of warranty. Ford Motor Credit Co. v. Bower, 589 So. 2d 571, 573 (La. App. 1st Cir. 1991). In Louisiana, such claims are "brought in redhibition, as opposed to as breach of contract actions." Id. The one-year prescriptive period provided by Louisiana Civil Code article 2534 for claims in redhibition is

---

notice. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). The Court may consider matters of public record without converting a 12(b)(6) motion into one for summary judgment. See Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340-41 (5th Cir. 2011).

therefore applicable here.[6] Again, because Plaintiff's MMWA claim is prescribed on its face, Plaintiff bears the burden of establishing that some interruption or suspension of prescription applies to prevent her claim from being time-barred.

As with her LUTPA claim, Plaintiff argues that the continuing violation doctrine applies and prevents her claim from being prescribed. However, the Court has already determined that Plaintiff failed to show the applicability of the doctrine here. The Court therefore finds that Plaintiff has failed to meet her burden of showing that prescription was suspended or interrupted such that her claim is not now time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 3)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of December, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[6] For the purposes of this motion, the Court assumes without deciding that Defendants were in bad faith. See LA. CIV. CODE ANN. art. 2534(A)(1),(B).