```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

NAQUIN                                          CIVIL ACTION

VERSUS                                          NO: 14-2133

BERRYLAND CAMPERS, LLC                          SECTION: J(5)

**ORDER AND REASONS**

Before the Court is Plaintiff's *Motion Seeking Reconsideration Under Federal Rule of Civil Procedure 59(e)* **(Rec. Doc. 16)** and Defendants' opposition thereto. (Rec. Doc. 18)

Plaintiff seeks reconsideration of this Court's December 8, 2014, order granting Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. 11) Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to

1

the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the

movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In this case, Plaintiff does not rely on an intervening change in controlling law since the Court's December 8, 2014, Order and Reasons. (Rec. Doc. 11) Moreover, Plaintiff has not pointed to any newly discovered evidence previously unavailable, nor has she established a manifest error of law or fact. The Court finds that Plaintiff's reasons for seeking reconsideration are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's **Motion for Reconsideration (Rec. Doc. 18)** is **DENIED**.

New Orleans, Louisiana, this 10th day of February, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE